U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 0 1 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSE LUIS MORENO, Petitioner | CIVIL ACTION NO. 1:16-CV-510; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| J.A. BARNHART, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed on April 15, 2016, by pro se Petitioner Jose Luis Moreno (#09655-062). Petitioner's filing fee was received on May 13, 2016, so his motion for leave to proceed in forma pauperis was denied on May 17, 2016. (Doc. 6). Petitioner is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Procedural History

On July 21, 2010, Petitioner was arrested for robbery in Tulsa County, Oklahoma. (Doc. 1, p. 17). On August 20, 2010, he was sentenced to a 4-year term of imprisonment in Tulsa County District Court Case CF-2009-4554. (Doc. 1, p. 17).

On May 18, 2011, while Petitioner was serving his state sentence, he was sentenced in the United States District Court for the Northern District of Oklahoma, Case No. 05-CR-051, to a 10-month term of imprisonment for a supervised release violation. The sentence was ordered to be served consecutive to the state sentence. (Doc. 1, p. 17).

Petitioner entered a guilty plea in the United States District Court for the Northern District of Oklahoma to robbery and attempted robbery in violation of 18 U.S.C. §§ 1951(a), 1941(b) and 1951(b)(3) ("Count 1") and using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count 2"). (Case No. 10-CR-192, N.D. Okla., Doc. 14). On June 13, 2011, Petitioner was sentenced to 63 months of imprisonment as to Count One, to run concurrently with the undischarged terms of imprisonment in the Tulsa County District Court Case and the Northern District of Oklahoma Case, 05-CR-051-001. As to Count 2, Petitioner was sentenced to 84 months, to run consecutively to the term imposed in Count One and to the undischarged terms of imprisonment in the Tulsa County District Court case and the Northern District of Oklahoma Case, 05-CR-051-001.

On January 9, 2013, Petitioner filed a Motion for Sentence Review in his federal criminal case asking the court to modify his sentence so that the 84-month sentence on Count 2 would run concurrently with the other three sentences. (Case No. 10-CR-192, N.D. Okla., Doc. 26). The motion was denied because Petitioner did

not identify any procedural basis for the relief sought. (Case No. 10-CR-192, N.D. Okla., Doc. 26).

In this § 2241 petition, Petitioner seeks credit against his federal sentence for the time he spent in state custody from July 21, 2010, the date of his arrest on state robbery charges. It appears that Petitioner has received credit from June 13, 2011, the date his federal sentence was imposed in case number 10-CR-192. Additionally, through his administrative appeal, which was granted in part and denied in part, Petitioner received credit from July 21, 2010, through August 19, 2010. (Doc. 1, p. 17).

## Law and Analysis

Title 18 U.S.C. § 3585 provides that a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. It also provides that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed - that has not been credited against another sentence. 18 U.S.C. § 3585.

Only the Attorney General through the BOP and not the sentencing court is authorized to calculate credit for time spent in official detention under 18 U.S.C. §

3585. See United States v. Wilson, 503 U.S. 329, 335 (1992). In this case, the BOP determined that Petitioner's federal sentence in Case No. 10-CR-192 commenced on the date it was imposed: June 13, 2011. However, Petitioner seeks credit from July 21, 2010, the date of his arrest on state robbery charges.

A federal sentence cannot commence prior to the date it is pronounced, even if it is made concurrent with a sentence already being served. See United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980); Miramontes v. Driver, 243 Fed. Appx. 855, 856 (5th Cir. 2007); Lugo-Cuero v. U.S. Bureau of Prisons, 194 F. App'x 220, 221 (5th Cir. 2006) (citing United States v. Allen, 588 F.2d 183, 184-85 (5th Cir. 1979); United State v. Flores, 616 F.2d 840, 841-42 (5th Cir. 1980)); Dominguez v. Williamson, 251 F.3d 156 (5th Cir. 2001) (prisoner cannot receive retroactive credit for time spent in state custody even if sentences are concurrent); see also United States v. McLean, 867 F.2d 609, 609 (4th Cir. 1989) (when federal sentence is ordered to run concurrently with sentence being served, it can only run concurrently with part of prior sentence remaining to be served). A district court does not have the authority under § 3585 to order a federal sentence to run absolutely concurrently with a prior sentence. See Flores, 616 F.2d at 841. Petitioner was sentenced by the federal court on June 13, 2011, and he is ineligible for any credit while in state custody before that date.

There is a judicially-created exception to § 3585(b) that applies in very limited circumstances. In Willis v. United States, 438 F.2d 923 (5th Cir. 1971), the Fifth Circuit held that, when an inmate is serving concurrent federal and state terms with

4

a state full-term date that is equal to or less than the federal full-term date, he is entitled to receive credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins. See <u>Edison v. Berkebile</u>, 349 F. App'x 953 (5th Cir. 2009) (unpublished). Upon review of Petitioner's administrative grievance, the BOP granted Petitioner <u>Willis</u> credit from July 21, 2010, through August 19, 2010. (Doc. 1, p. 17).

The BOP properly determined that Petitioner's sentence in Case No. 10-CR-192 commenced on the date it was imposed. Petitioner received sentencing credit from that date forward. The federal sentence could only run concurrently with the part of the state sentence remaining to be served. Petitioner received additional <u>Willis</u> credit following his administrative appeal. Petitioner has received all the credit to which he is entitled.

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for writ of habeas corpus filed pursuant to § 2241 be **DENIED AND DISMISSED**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental

5

objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 1st day of June, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge